UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARTHUR ALEXANDER MATTHEWS,

                                        Plaintiff,

                v.

HUD, Rochester Housing Authority, Section Eight,

                                        Defendant.
_____

DECISION AND ORDER

20-CV-6041L

       Plaintiff Arthur Alexander Matthews, appearing *pro se*, brings this action against the U.S. Department of Housing and Urban Development ("HUD"), under the Housing Act, 42 U.S.C. § 1437 *et seq.* Although the basis for his claim is difficult to discern, it appears that plaintiff alleges that he was wrongfully terminated from participation in the Section 8 housing program, which provides rental assistance to low-income families. *See* 42 U.S.C. § 1437f. Plaintiff seeks $80,000 that he claims was "illegally taken" from him in connection with this matter. Complaint at 8.

       HUD has moved to dismiss the complaint under Rule 12 of the Federal Rules of Civil Procedure. The motion is granted.

       At the outset, the complaint fails to allege any facts showing that plaintiff's rights were violated. He simply alleges that his rights were violated "in every way" when he was "illegally kick[ed] off Section Eight ... ." Complaint at 7. He has not identified the rights in question, or the manner in which they were violated. The complaint is therefore subject to dismissal under Rule 12(b)(6).

While the Court might in some circumstances be inclined to give plaintiff a chance to amend his complaint, that would be futile here.  The Housing Act does not create a private cause of action for damages against HUD.  *See Weaver v. N.Y.C. Housing Auth.*, No. 19-CV-10760, 2019 WL 7116141, at *4 (S.D.N.Y. Dec. 20, 2019); *Tate v. Supervisor HUD*, No. 18-CV-148, 2018 WL 3068542, at *4 (W.D.Pa. June 21, 2018); *Padilla v. Nationstar Mortgage*, 18-CV-14, 2018 WL 2209766, at *4 (W.D.Tex. May 14, 2018).  Thus, this case does not present a simple pleading defect, but a fundamental failure to state a viable claim.

Though my conclusion that plaintiff has failed to state a cognizable claim against HUD renders it unnecessary to reach HUD's other arguments, I also agree with HUD that to the extent that the complaint can be read as asserting a *Bivens* claim for the violation of his constitutional rights, such claim must be dismissed for lack of subject matter jurisdiction.  *See Hadwan v. United States Dep't of State*, No. 17cv578, 2019 WL 4889373, at *2 (S.D.N.Y. Oct. 3, 2019).  It also appears, as HUD asserts, that plaintiff has never properly served the United States under Rule 4(i)(1) of the Federal Rules of Civil Procedure, despite being given notice and a reasonable opportunity to cure that defect.  *See Kurzberg*, 619 F.3d 176, 178 (2d Cir. 2010).  The complaint is subject to dismissal on that basis as well.

Plaintiff has also filed a morion for an extension of time to file a notice of appeal (Dkt. #10).  On the motion form, plaintiff indicates that he seeks to appeal a decision entered on January 21, 2020.

No decision or order was issued or entered on that date.  That is the date on which the complaint was filed.  No orders were issued by this Court until January 28, when the Court

granted plaintiff's motion for leave to proceed *in forma pauperis*.  In short, there is nothing to appeal.  Plaintiff's motion for an extension of time is therefore denied as moot.

## CONCLUSION

Defendant's motion to dismiss the complaint (Dkt. #6) is granted, plaintiff's motion for an extension of time to appeal (Dkt. #10) is denied, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 21, 2020.